UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OLESS BRUMFIELD ET AL.                          CIVIL ACTION

VERSUS                                          NO. 71-1316

WILLIAM J. DODD ET AL.                          SECTION "B"(2)

**ORDER AND REASONS**

Plaintiff-intervenor the United States of America, through the Civil Rights Division of the Department of Justice, has filed a motion to compel discovery responses, Record Doc. No. 190, in this four-decades-old case. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to the motion, which was submitted for decision on January 30, 2013 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit, **IT IS ORDERED** that the motion is GRANTED.

The claims and defenses in this case originally focused upon the State of Louisiana's provision, through its Department of Education ("DOE"), of educational materials and funding to racially segregated private schools in the 1970s. The decisions constituting this court's substantive determination of the case include its orders, including permanent injunctive relief, findings of fact and conclusions of law reported

as <u>Brumfield v. Dodd</u>, 405 F. Supp. 338 (E.D. La. 1975), and 425 F. Supp. 528 (E.D. La. 1977), Record Doc. Nos. 68, 69, 126; and the Consent Decree providing for continuing compliance with and enforcement of the court's orders issued on June 10, 1984. Record Doc. No. 182.

Those orders include several provisions of particular relevance to the instant discovery motion. For example, the court's 1975 decision permanently enjoined the State from distributing or making available educational materials, transportation or funding to "any racially discriminatory private school." 405 F. Supp. at 349. Ten (10) years later, apparently to further implement the injunction, the Consent Decree required the State DOE to obtain and maintain a wide variety of kinds of information and a certification procedure based in large part on that information, including "annual monitoring" of the eligibility of schools to receive state aid. Record Doc. No. 182 at ¶'s 1-5. The Consent Decree reiterated the court's prior orders in stating: "The Department will not provide any monies or assistance to any private school which is the subject of any court order or injunction under which any local school district or parish or any other entity is enjoined from providing assistance to the private school because of reasons related to racial discrimination." <u>Id.</u> at ¶ 8. The Consent Decree also required that the DOE must provide to the United States Department of Justice, as plaintiff-intervenor in this case, a wide range of informational materials, including:

> The Department [DOE] will provide within 30 days of receipt copies of all complaints of racial discrimination as discussed in paragraph 5 as well as the Department's disposition of the complaint to the United States Department of Justice and to private plaintiffs for their review. Plaintiffs and Plaintiff-Intervenor will have 45 days from receipt of such information to notify the Department of any objection to the Department's disposition. If objection is made, the parties will make a good faith effort to resolve such objections amicably. If such efforts are unsuccessful, and no resolution is reached within 30 days of notice of objection to the Department, any party may within 15 days file written objections with this court and request that the Court hold a hearing to resolve such objections.
>
> The Department will provide the Department of Justice and private plaintiffs within 60 days of the end of the appropriate fiscal year a list by category of assistance of all monies provided to each private school.
>
> \* \* \*
>
> The defendants will retain records of all actions taken under the orders of this Court, including all records and files related to evaluation of applications of private schools for certification and review of annual compliance reports, disposition of complaints of racial discrimination and to the disbursement of funds provided for under this Court's orders. Subsequent to the 1987-88 school year, defendants will provide to plaintiff and plaintiff-intervenor copies of all new applications for certification and action recommended by the Department and of all complaints alleging racial discrimination by an applicant or certified private school and the Department's disposition of the complaint. <u>Copies of any other documents will be provided only upon request.</u> The plaintiff and <u>plaintiff-intervenor may, upon reasonable notice</u>, inspect such records and <u>request that defendants supplement their records by obtaining additional information or notarized information from applicants for certification or from certified private schools.</u>

<u>Id.</u> at ¶'s 6, 7 and 9 ((emphasis added).

In its interrogatories and request for production that are the subject of this motion, the United States seeks "additional information," as contemplated by Paragraph 9 of the Consent Decree, relevant to determining whether the new statewide educational voucher

program enacted by the Louisiana Legislature in April 2012, La. Acts No. 2 (Reg. Sess. 2012), complies with this court's orders. The motion alleges that "most of the private schools participating in the (voucher) program have student enrollments that are all or almost all one race," and that the discovery is sought in furtherance of the "monitoring responsibilities" of the United States. Record Doc. No. 190-1 at pp. 2-3. Although this case has been largely inactive since entry of the Consent Decree more than 28 years ago, the court's injunction contained in the Consent Decree and its related prior orders and judgments, which the Consent Decree clearly recites "remain in full force and effect," Record Doc. No. 182 at ¶ 10, have no stated termination date and appear to be permanent.

Fed. R. Civ. P. 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record <u>may obtain discovery from any person—including the judgment debtor—as provided in these rules</u> or by the procedure of the state where the court is located" (emphasis added). The subject discovery appears relevant to judgment enforcement in this case. While it appears that the State DOE has <u>in</u>formally provided some information requested by the United States, the Federal Rules require that <u>written</u> responses and/or objections, in the form and signed as required by Fed. R. Civ. P. 33(b) and 34(b)(2), must be provided within 30 days after interrogatories or requests for production have been served. The

State DOE has never provided the required Rule 33(b) and 34)(b)(2) responses to these discovery requests, which were served more than 90 days ago.

All objections are deemed waived by defendant's failure to respond timely to the discovery requests. See Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to interrogatories] is waived unless the court, for good cause, excuses the failure."); Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); McLeod, Alexander, Powell & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

Post-judgment discovery has been held an appropriate means by which the United States, as a party to a lawsuit, may monitor compliance with the court's orders, including injunctive relief. United States v. Conces, 507 F.3d 1028, 1039-40 (6th Cir. 2007). The

subject discovery appears relevant to whether the educational benefits available under Louisiana's new voucher program comply with the Brumfield orders and Consent Decree. The age of the orders and Consent Decree, dating back to the 1970s and 1984, is no impediment to this discovery in aid of enforcement of a permanent injunction. General Conf. Corp. of Seventh-Day Adventists v. McGill, 2010 WL 99404, *7 (W.D. Tn. Jan. 6, 2010) (citing Palmer v. Rice, 231 F.R.D. 21 (D.D.C. 2005) (granting plaintiff's request to conduct discovery in aid of 10-year-old permanent injunction). The restrictions on the State DOE's release of educational information contained in the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, which the state DOE asserted in objecting to an informal request for the same information submitted by the United States before the subject discovery was formally served, Record Doc. No. 190-6, may be superseded by this court's orders. 20 U.S.C. § 1232g(b)(1)(C) and (J)(ii); Ragusa v. Malverne Union Free School Dist., 549 F. Supp. 2d 288 (E.D. N.Y. 2008).

Accordingly, the motion of the United States to compel discovery responses is GRANTED. **IT IS ORDERED** that the State DOE must provide answers to the subject interrogatories and a written response to the subject request for production, without objection since all objections have been waived, together with the production of the requested materials, no later than **March 1, 2013**.

**IT IS FURTHER ORDERED** that the United States must restrict its use of information concerning students or based upon their educational records contained in

these discovery responses to purposes of this case only and must not disclose to or permit any person or party other than employees of the Civil Rights Division of the United States Justice Department to have access to such student information without the written consent of the parents of any student whose information or identity is disclosed in the discovery responses. 20 U.S.C. § 1232g(b)(4)(B).

      New Orleans, Louisiana, this \_\_\_\_30th\_\_\_\_ day of January, 2013.

                            JOSEPH C. WILKINSON, JR.
                            UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**

**HON. IVAN L.R. LEMELLE,**

**ALL COUNSEL OF RECORD,**

**BUDDY CALDWELL, LOUISIANA ATTORNEY GENERAL, at**
dabrahm@louisiana-internet.net

**AND**

**JOAN E. HUNT, EXECUTIVE COUNSEL LOUISIANA DEPARTMENT OF EDUCATION, P.O. BOX 94064, BATON ROUGE, LA 70804-9064;**
joan.hunt@la.gov