UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OLESS BRUMFIELD, ET AL.,**                           **CIVIL ACTION**

**VERSUS**                                              **NO. 71-1316**

**THE LOUISIANA STATE BOARD OF**                       **SECTION "B"(2)**
**EDUCATION, ET AL.**

ORDER AND REASONS

Before the Court are three motions, all pertaining to the proposed intervention of parties in the above captioned case. Specifically, a group of parents representing their minor children, along with the Louisiana Black Alliance for Educational Options, seek to intervene for the limited purpose of opposing the United States' Motion for Further Relief, which is currently pending before the Court. (Rec. Doc. No. 218 at 2). The Proposed Intervenors additionally have requested leave to file a brief responding to the questions the Court has set for oral argument on November 22nd, 2013 (Rec. Doc. No. 230) and a Motion to Expedite their Leave to File Brief request (Rec. Doc. No. 231). The United States has filed an Opposition to the Motion to Intervene. (Rec. Doc. No. 225).

Accordingly, and for the reasons enumerated below **IT IS ORDERED** that the Motion to Expedite Consideration on Motion for Leave to File Brief (Rec. No. 231) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Intervene (Rec.

1

Doc. No. 218) is **DENIED WITHOUT PREJUDICE TO REURGE.**

**IT IS FURTHER ORDERED** that the Motion for Leave to File Brief (Rec. Doc. No. 230) is **GRANTED IN PART AND DENIED IN PART**. The Brief submitted by Proposed Intervenors on the questions set for argument on November 22nd will be accepted by the Court as an amicus curiae brief.

**Procedural History:**

On August 22, 2013 the United States filed a Motion for Further Relief in the above captioned case. (Rec. Doc. No. 203). The Motion asked the Court to "permanently enjoin the State of Louisiana [] from awarding any school vouchers [] to students attending school in districts operating under federal desegregation orders unless and until the State receives authorization from the appropriate federal court overseeing the applicable desegregation case." (*Id.*). The Court subsequently held a status conference with parties on September 18, 2013, and ordered briefing on the following two issues:

> (1) Does the desegregation order issued in *Brumfield v. Dodd*, 405 F. Supp. 338 (E.D. La. 1975) apply to the State of Louisiana's Student Scholarships for Educational Excellence Program ("Voucher Program") so as to require the State to obtain authorization from the Court prior to implementation? (2) If the desegregation order applies to the Program, is there any need to amend existing orders to ensure a process of review of the Voucher Program or similar ones in the future?

(Rec. Doc. No. 212)

An oral hearing on the above questions is set for November 22,

2013. The Court also ordered the State of Louisiana to provide "an analysis of the voucher awards for the 2013-14 school year respecting impact on school desegregation in each school district presently under a federal desegregation order." (*Id.*).

On September 23, 2013, the United States supplemented its August Motion for Further Relief. (Rec. Doc. No. 213). In the September 23rd filing, the United States indicated that the State of Louisiana had agreed to provide it with certain information, satisfying some of the complaints alleged by the United States in its August Motion. (*Id.* at 2). Further, the United States stated the Court's order that Louisiana provide an analysis of the voucher awards for the 2013-2014 school year (Rec. Doc. No. 212) additionally satisfied concerns advanced in its August Motion - as a main focus of the Motion was to obtain such an analysis from the State. (Rec. Doc. No. 213 at 3). The United States concluded its supplemental filing by clarifying "that the only issues remaining from [the August Motion] are the two questions the Court has presented for briefing" and that:

> To the extent this Court determines it appropriate to resolve those two questions in the affirmative, and a schedule is put in place to facilitate compliance and the timely sharing of school voucher program data and analysis . . . it is the position of the United States that the relief sought by the August Motion will have been satisfied.

(*Id.*)

On September 30, 2013, a group of parents representing their minor children, along with the Louisiana Black Alliance for

3

Educational Options, filed a motion seeking to intervene in the above captioned case for the limited purpose of opposing the United States' Motion for Further Relief. (Rec. Doc. No. 218 at 2). All of the children whose parents wish to intervene currently receive school vouchers under Louisiana's Student Scholarships for Educational Excellence Program. (Rec. Doc. No. 218-4 at 2). The Louisiana Black Alliance for Educational Options is a "nonprofit, membership organization whose mission is to increase access to high quality educational options for Black children . . ." (*Id.* at 4). The Proposed Intervenors wish to intervene as of right, or in the alternative seek permissive intervention. (*Id.* at 4-7). The United States filed an Opposition to the Motion to Intervene on October 22, 2013 - arguing Proposed Intervenors failed to meet the standards for intervention of right or permissive intervention. (Rec. Doc. No. 225).

On November 6, 2013, Proposed Intervenors additionally filed a Motion for Leave to File a brief responding to the questions the Court has set for oral argument on November 22nd (Rec. Doc. No. 230) and a Motion to Expedite their Leave to File Brief request (Rec. Doc. No. 231). Proposed Intervenors also request that, in the event their Motion to Intervene is not granted, their brief on the issues set for argument on November 22nd be accepted as amicus curiae by the Court. (Rec. Doc. No. 230 at 2).

**Law and Analysis:**

Federal Rule of Civil Procedure 24 allows intervention in

two circumstances - intervention of right and permissive intervention. Intervention of right, in the absence of a federal statute granting intervention, is permitted where the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro 24(a)(2). Permissive intervention is allowable where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." *Id.* 24(b)(1)(B).

At the center of both the intervention of right and permissive intervention inquiries is whether the proposed intervenor can make some showing that they have an interest or stake in the pending litigation. *See United States v. Perry Cnty. Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) (intervention of right "requires a direct, substantial, legally protectable interest in the proceedings") (internal citations omitted); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (for intervention of right "the interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant."); *Howse v. S/V Canada Goose I*, 641 F.2d 317, 322 (5th Cir. 1981) (recognizing that permissive intervention "dispenses with any requirement that the intervenor shall have a direct or pecuniary interest in the subject of the

litigation" but holding that permissive intervention still "requires a threshold determination that the applicant's claim or defense and the main action have a question of law or fact in common") (internal citations omitted). The failure to demonstrate such an interest or stake is fatal to a request to intervene, as it would allow disinterested parties to participate in an ongoing case without a valid justification.

Here, Proposed Intervenors claim the right they seek to protect by intervention is the "ability to continue receiving scholarships and to pursue high-quality educational opportunities chosen by their parents" which they claim "would be directly and gravely impaired if the Court awards the injunctive relief sought by the United States." (Rec. Doc. No. 218-4 at 3). They do not seek to join as a full party to the instant case, but only to intervene for the limited purpose of opposing the United States' Motion for Further Relief. (Rec. Doc. No. 218 at 2).

The Court does not find the need at this time to determine whether the interest in continuing receipt of vouchers would satisfy the requirements of either intervention of right or permissive intervention, since the United States is no longer seeking injunctive relief at this time. *See* United States' Supp. Mem. (Rec. Doc. No. 213 at 3).

In its supplemental September filing, the United States made clear it "is neither opposing the [State's] school voucher program nor seeking to take vouchers away from any students who

6

have received them." (Rec. Doc. No. 213 at 1). Further, in its Opposition to the Motion to Intervene, the United States contends it "is not seeking to end the Program or to take vouchers away from particular students" but rather "simply asks this Court to create a process to ensure that the State provides necessary information and complies with its desegregation obligations as it implements the Program." (Rec. Doc. No. 225 at 4). The Court reads these two statements as the United States abandoning its previous request that the Court "permanently enjoin the State from issuing any future voucher awards to [] students unless and until it obtains authorization from the federal court overseeing the applicable desegregation case." (Rec. Doc. No. 203-1 at 2). Instead, the United States now only asks the Court to answer the two questions set for briefing on November 22nd and - to the extent the questions are answered in the affirmative - put in place a schedule "to facilitate compliance and the timely sharing of school voucher program data . . ." (Rec. Doc. No. 213 at 3).

Because the Motion that Proposed Intervenors sought to oppose no longer requests the remedy Proposed Intervenors objected to, they lack the necessary interest to intervene. The only remaining issues in the case, at this time, effect the sharing of information between the United States and the State of Louisiana. These issues simply do not effect the interests of Proposed Intervenors.

That being said, the Court recognizes that - following the

7

November 22nd hearing – the position of the United States may again change based on the Court's ruling or information provided by the State of Louisiana. Should the United States renew its request to enjoin the voucher program, Proposed Intervenors are free, at that time, to file a new motion to intervene. The Court will then determine whether Proposed Intervenors meet all of the requirements for intervention of right or permissive intervention.

Accordingly, and for the reasons enumerated above **IT IS ORDERED** that the Motion to Expedite Consideration on Motion for Leave to File Brief (Rec. No. 231) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Intervene (Rec. Doc. No. 218) is **DENIED WITHOUT PREJUDICE TO REURGE.**

**IT IS FURTHER ORDERED** that the Motion for Leave to File Brief (Rec. Doc. No. 230) is **GRANTED IN PART AND DENIED IN PART.** The Brief submitted by Proposed Intervenors on the questions set for argument on November 22nd will be accepted by the Court as an amicus curiae brief.

New Orleans, Louisiana, this 15th day of November, 2013

_____

UNITED STATES DISTRICT JUDGE